IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark C. Healy, | No. CV-21-00520-TUC-JAS |
| Plaintiff, | **ORDER** |
| v. | |
| Marana Aerospace Solutions Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Defendant's motion to dismiss Plaintiff's complaint and compel arbitration. For the reasons stated below, Defendant's motion is granted.[1]

**BACKGROUND**

Plaintiff Mark C. Healy is the appointed assignee for the benefit of creditors Crystal Aircruises, LLC ("Crystal"). Crystal provides luxury air and transportation services. Defendant Marana Aerospace Solutions, Inc. ("Marana Aerospace") is an aircraft maintenance and repair company that specializes in repairing commercial aircraft. The individual defendants are executives of Marana Aerospace: David Querio is the President and CEO, Scott Butler is the Chief Commercial Officer, and Bret Burnside is the Vice President of Operations.

Crystal and Marana Aerospace entered a "Maintenance Services Agreement" ("MSA") on April 23, 2019. The parties, in Article 19(b) of the MSA, agreed that all claims, disputes, or controversaries arising under the MSA would be submitted to binding arbitration, stating:

> Arbitration: All claims, disputes, or controversies arising under this

---

[1] Because the briefing is adequate and oral argument will not help in resolving this matter, oral argument is denied. *See Mahon v. Credit Bureau of Placer County, Inc.*, 171 F.3d 1197, 1200-1201 (9th Cir. 1999).

      Agreement between the parties shall be submitted to binding arbitration by the American Arbitration Association (AAA) and shall be held and decided under the expedited procedures of the commercial arbitration rules of the AAA then in effect.

Both parties entered into the agreement with the assistance of legal counsel. Crystal signed the MSA after review by a sophisticated business lawyer and Marana Aerospace signed the MSA after review by their senior director of contracts. Crystal and Marana Aerospace then executed a Statement of Work on May 25, 2019, with a Statement of Work date of May 25, 2021.

Issues with fuel line repairs delayed Crystal's use of its aircraft. After initial return of the aircraft on July 11, 2021, Crystal discovered a fuel transfer defect during a flight. Marana Aerospace performed warranty work and additional repairs covered under the MSA, but problems with the aircraft persisted. Because Crystal remained unsatisfied with Marana Aerospace's maintenance and service work, Crystal filed a Complaint against Marana Aerospace.

Marana Aerospace filed a motion to dismiss seeking to enforce Article 19(b) of the MSA. In response, Crystal argues that the arbitration provision is unenforceable because Marana Aerospace did not perform in good faith or alternatively, that Crystal's claims fall outside the scope of the arbitration agreement because their claims arise in tort and not contract law.

**DISCUSSION**

**The Federal Arbitration Act**

"The Federal Arbitration Act ('FAA') governs arbitration agreements in contracts involving transactions in interstate commerce . . . Under the FAA, arbitration agreements shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of any contract . . . The FAA's provisions manifest a liberal federal policy favoring arbitration agreements." *Coup v. Scottsdale Plaza Resort*, 823 F.Supp.2d 931, 939 (D. Ariz. 2011). "If the court finds that an arbitration clause is valid and

enforceable, the court should stay or dismiss the action to allow the arbitration to proceed . . . The district court also has the discretion under federal arbitration law . . . to sever an unconscionable arbitration provision and enforce the remainder of the contract." *Id.* at 939-940. "Similar to Arizona's public policy, [i]n enacting the FAA, Congress declared a national policy favoring arbitration that was intended to reverse centuries of judicial hostility to arbitration agreements . . . By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Id.* at 940. "In determining whether to compel a party to arbitration, a district court may not review the merits of the dispute; rather, the district court's role is limited to determining whether a valid arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue. If the answer is yes to both questions, the court must enforce the agreement." *Id.* "In construing the terms of an arbitration agreement, the district court appl[ies] general state-law principles of contract interpretation, while giving due regard to the federal policy in favor of arbitration by resolving ambiguities as to the scope of arbitration in favor of arbitration." *Id.* at 940-941.

**Whether the Arbitration Clause is Valid and What Parties it Covers**

Plaintiff argues that the arbitration provision is unenforceable because Marana Aerospace did not perform in good faith or alternatively, that Crystal's claims fall outside the scope of the arbitration agreement because their claims arise in tort and not contract law.

It is undisputed that Arizona law on contract formation and unconscionability applies to the dispute in this case. "Under Arizona law, [f]or an enforceable contract to exist, there must be an offer, an acceptance, consideration, and sufficient specification of terms so that the obligations involved can be ascertained." *Longnecker v. Amr. Express. Co.*, 23 F.Supp.3d 1099, 1106 (D. Ariz. 2014). The record reflects that the parties assented to the terms of the MSA: Plaintiff would receive maintenance services for its aircraft, such as fuel tank maintenance, and Defendants would receive monetary compensation. An

employee of Plaintiff initialed each page of the MSA, including the page containing the arbitration provision, and signed the agreement. An employee of Defendants subsequently executed the agreement. The arbitration agreement is enforceable as there was an offer communicated to the offeree, acceptance of the offer by the offeree, and consideration in the form of monetary payment. Considering the foregoing, the Court finds that the parties entered into a valid arbitration agreement, and that the agreement covers the dispute at issue in this case. *See id.*; *Coup*, 823 F.Supp.2d at 943-944.

Crystal argues that the arbitration agreement should not be enforced because the agreement violates public policy. Specifically, Crystal argues that Marana Aerospace violated its duty of good faith with its performance, and the arbitration agreement should therefore be rendered unenforceable.

Arizona law governing contract formation and unconscionability is the controlling law that applies to this case. In Arizona, the legal or equitable grounds for a court finding a contract voidable are "fraud, duress, lack of capacity, mistake or violation of a public purpose." *Austin v. Austin*, 237 Ariz. 201, 206 (Ariz. Ct. App. 2015). Essentially, an arbitration agreement is not enforceable if the inclusion of that clause was the product of fraud or coercion, making it not the result of an agreement that was freely negotiated. *RT Auto. Ctr., Inc. v. Westlake Servs. LLC*, No. 1. CA-CV 21-0148, 2022 WL 1087137, at *2 (Az. Ct. App. Apr. 12, 2022).

This arbitration agreement is not voidable. Crystal does not argue that the arbitration agreement was entered into due to fraud, duress, lack of capacity, or mistake. Further, the alleged bad faith conduct here does not violate public policy.[2] There cannot be an unconscionability argument when there is no claim that the agreement was not freely negotiated. The facts here bear out the absence of fraud or coercion: both parties were

---

[2] As Defendants correctly argue, the authority cited by Crystal involve bad faith prior to acceptance, or cases not involving arbitration agreements. For example, Crystal relies on cases such as *Austin v. Austin*, 237 Ariz. 201 (App. 2016), a divorce care where a spouse was given a signature page to sign without being provided the full agreement, and *Beaugureau v. Beaugureau*, 463 P.2d 540 (Ariz. App.1970), another divorce case about contract interpretation. Such cases are not comparable to the facts here and are not persuasive.

represented by sophisticated counsel and had ample opportunity to review the MSA, including the arbitration clause, before entering into the agreement. When a large luxury air transportation service and a large aircraft repair company enter into an agreement that was reviewed by their sophisticated counsel, it's difficult to see how the agreement was anything but freely negotiated.

The bad faith alleged by Crystal pertains to Defendants failing to communicate a subpar quality of repair work and Defendants failing to properly perform their aircraft maintenance duties.[3] In essence, Crystal's claims can be summarized as a dissatisfaction with the performance of the MSA. A dissatisfactory performance of a contract is not ideal for Crystal, but it is not a violation of public policy here. Both parties agreed that "[a]ll claims, disputes, or controversies arising under [the MSA]" would be heard in arbitration. Plaintiff's claims arise out of the MSA and are covered by the MSA. As a result, the claims are subject to binding arbitration.

In addition, the individual defendants are covered by the arbitration agreement. Plaintiff's claims against the individual defendants relate to them allegedly failing to properly train or supervise the employees who worked on repairs to Crystal's aircraft. Crystal's claims against the individual defendants all arise under the MSA; the relationship between Crystal and the individual defendants exists solely because Crystal contracted with the individual defendants' employer, and Crystal's claims against the individual defendants implicate work performed under the MSA. Thus, Crystal's claims against the individual defendants are subject to binding arbitration.

**Dismissal**

Lastly, Defendants ask this Court to dismiss this case in addition to compelling arbitration. A district court has discretion to dismiss a case relating to an arbitration

---

[3] Crystal claims that their allegations do not arise out of the MSA because the MSA does not answer whether Marana Aerospace acted honestly in certifications made to Crystal, or whether the individual defendants properly supervised their employees. This argument is unpersuasive. The certifications made by Marana Aerospace at issue were about work that Crystal and Marana Aerospace contracted for in the MSA. The claims against the individual defendants were that they failed to properly supervise employees while doing work under the MSA. All of the claims at issue in this case directly arise out of the scope of work covered by the MSA.

agreement when the language contained in an arbitration clause is broad enough to encompass all of the plaintiff's claims. *Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) ("The district court acted within it's discretion when it dismissed [plaintiff's] claims . . . the arbitration clause was broad enough to bar all of the plaintiff's claims since it required [plaintiff] to submit all claims to arbitration."). Crystal's claims all arise under the MSA and are covered under the arbitration clause. There is no claim asserted by Crystal that the arbitration clause was anything but freely negotiated. All of Crystal's claims concern the performance of the MSA, which the broad arbitration clause covers.[4] As all of Plaintiff's claims are encompassed by the arbitration agreement, dismissal of all claims is appropriate and within this Court's discretion.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED as follows:

(1) Defendants' motion to compel arbitration and dismiss the case is granted; the parties are compelled to arbitration as to all the claims asserted in this case as to all parties in this case.

(2) This case is dismissed.

(3) The Clerk of the Court shall enter judgment and close the file in this case.

Dated this 23rd day of September, 2022.

Honorable James A. Soto
United States District Judge

---

[4] Crystal argues that its claims are non-arbitrable as the repairs performed by Marana Aerospace and the supervision of those employees were performed negligently or grossly negligently, and because Marana Aerospace did not act honestly in certifications made to Crystal. However, all of Crystal's claims fall within the arbitration clause. Crystal's claims concern the performance and quality of repairs by Marana Aerospace, which is exactly what both parties contracted for. Claims about the performance of repairs arise "out of or [are] related to the subject matter of the contract."

- 6 -